| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

GRADY DANE OVERMAN, #22269-078 §
§
*versus* § CIVIL ACTION NO. 4:15-CV-783
§ CRIMINAL ACTION NO. 4:14-CR-23(1)
UNITED STATES OF AMERICA §

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation (#20) concluding that the motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 should be denied and dismissed with prejudice. Movant filed objections (#22).

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, along with Movant's objections. In his objections, Movant reurges the issues originally raised in his motion, and discusses in more detail information that Tanya Johnson provided in her affidavits. He reurges that counsel was ineffective for failing to interview her. Nothing in Johnson's affidavits, however, changes the outcome of this case.

Johnson states that, during the execution of the search warrant, officers took Movant, who was inebriated, into a different room from her and her child, and they were kept segregated until the officers left. At one point, Johnson was asked to provide a glass of water, which an officer gave to Movant. The Court notes this information is almost identical to that provided by Movant. Johnson also states, "I have always made it known that I will testify on [Movant's] behalf." While Johnson's last statement shows a willingness to testify on Movant's behalf, it does not show that her testimony would have made a difference to Movant's case. *Alexander v. McCotter*, 775 F.2d

595, 602 (5th Cir. 1985). Most of the information Johnson provided is duplicative of Movant's statements. The Court also notes that intoxication does not singularly or automatically render a confession involuntary. *See United States v. Garcia Abrego*, 141 F.3d 142, 170-71(5th Cir. 1998). Even without Movant's confession, the record shows an overwhelming amount of digital and forensic evidence of child pornography found on Movant's computer, which was seized pursuant to a valid search warrant supported with probable cause.

In sum, Movant fails to show that counsel's alleged failure in interviewing Johnson or counsel's failure to file a motion to suppress makes a difference to the outcome of his case. Movant has not shown that a suppression motion would have been granted, that counsel's failure to file it was objectively unreasonable, and that, but for counsel's alleged deficient performance in that matter, he would not have pleaded guilty. *United States v. Ratliff*, 719 F.3d 422, 423 (5th Cir. 2013). Movant also fails to show that, but for counsel's alleged deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Having made a *de novo* review of the objections raised by Movant to the Report, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and the objections of Movant are without merit.

It is accordingly **ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 25th day of March, 2019.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE